James Patrick **WEIBERT**, Respondent,

v.

Ester Rita **WEIBERT**, Appellant.

No. 44416.

Missouri Court of Appeals, Eastern District, Division Three.

March 30, 1982.

After trial the court entered a decree of dissolution, finding as a fact that wife had behaved in such a way that husband could not reasonably be expected to live with her and that the marriage was thus irretrievably broken. The court found as a fact that wife was employed and able to support herself, and so did not award maintenance. Custody of the minor child was awarded to wife and husband was ordered to pay $40.00 per week child support. The court awarded the parties' home to wife, but ordered her to pay husband $18,000.00, which represented his share of the marital property in the home less certain deductions. The court awarded to each party the life insurance policies on that party's life. The court awarded all personal property at the parties' home to wife, with certain exceptions. Each party was awarded one automobile. Husband was awarded shares of stock worth $250.00 and wife shares worth $100.00. The court further ordered husband to pay wife's attorney's fees of $3,000.00.

Wife contends that the evidence does not support the court's decree with respect to the finding that the marriage is irretrievably broken and the finding that wife is able to support herself. Wife further contends the court abused its discretion in dividing the marital property.

We have examined the record in light of the standards set out in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976), and we conclude that the findings of the court are supported by substantial evidence, and that there was no abuse of discretion in the division of property.

Wife does make one meritorious argument on appeal. She requested in her Answer that the decree be granted in the form of a decree of legal separation. Under § 452.305.2 RSMo.1978 she was entitled to have this done. *McRoberts v. McRoberts*, 555 S.W.2d 682 (Mo.App.1977), Hence, in accordance with Rule 84.14, we modify the decree by striking out the words "Decree of Dissolution granted" and substitut-

Richard M. Stout, Kennard B. Woods, Chesterfield, for appellant.

Robert F. Summers, Clayton, Christopher J. Holthaus, St. Louis, for respondent.

REINHARD, Presiding Judge.

Wife appeals from a decree of dissolution. The parties were married in 1950. Six children were born of the marriage; only one was still a minor on the date of the hearing. Husband petitioned for dissolution; wife answered, denying that the marriage was irretrievably broken, but requesting that, should such a finding be made, the court enter an order for legal separation.

ing therefor "Decree of Legal Separation Granted."

As modified, the judgment is affirmed.

SNYDER and CRIST, JJ., concur.