**Imogene D. BUSCH, Respondent,**

v.

**Clarence L. BUSCH, Appellant.**

**No. 45185.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 27, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Thomas J. Briegel, Union, for appellant.

Larry G. Mittendorf, Union, for respondent.

CLEMENS, Senior Judge.

After a contested hearing the trial court granted the plaintiff-wife's plea for dissolution. It denied defendant-husband's plea that the marriage was not irretrievably broken.[1]

A condensed statement of facts will suffice to address the husband's three points on appeal: That the decree failed to specify the facts on which the court based its decision, that the decree is against the weight of the evidence and that the court should have awarded maintenance to him.

The evidence supported the trial court's specific findings of fact: That the wife was innocent of marital misconduct; that husband often struck his wife and falsely accused her of infidelity; husband squandered $70,000 of marital property on two trips to Las Vegas, Nevada; that on one of those trips he was accompanied by another woman; that both husband and wife are able-bodied and capable of self-support.

■ By the first of his three points husband raises his pleaded denial the marriage was irretrievably broken. He now contends the court did not adequately find it was. This, he argues, because Section 452.320.2(1) RSMo. required the court to make specific findings of facts warranting dissolution. Not so. That statute requires the court to "make a finding whether or not the marriage is irretrievably broken". This the court did. The statute continues to require that petitioner have satisfied the court of one of five specific facts.

The cited statute does not require specific findings of fact on which the court based its ultimate conclusion. *See Nichols v. Nichols,* 538 S.W.2d 727[2] (Mo.App.1976) where the court ruled: "This statute requires only that the court make a finding 'whether or not the marriage is irretrievably broken...' No express finding on the facts upon which that conclusion is based is required."

We deny husband's initial point.

■ Next, husband contends the trial court's finding the marriage was irretrievably broken was against the weight of the evidence. It was so only upon his self-serving statements. The facts recited above utterly refute his contention.

[1]. On an earlier appeal herein reported at 618 S.W.2d 244 (Mo.App.1981) we dismissed for the trial court's failure to have ordered disposition of the wife's profit-sharing and retirement plans; on remand the trial court did so, and husband does not now challenge that disposition.

**866**

By his last point husband contends the trial court erred in not granting him maintenance against his wife. He contends he is unemployed; for eight months he had worked forty-hour weeks as a millwright earning $11.76 an hour. One week before trial that work ended because "we completed that particular segment of the job". Husband cites no authority to support this last point. He has utterly failed in his burden to show the trial court erred.

Affirmed.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.