**Jim MASSIE and Maureen Massie, his wife, and Elsa W. Fisher, Plaintiffs-Appellants,**

v.

**Clarence D. BENTON, et al., Defendants-Respondents.**

No. 48120.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 25, 1984.

restrictions limiting the use to residential purposes. The subdivision plat, showing three blocks, was recorded in 1949. Blocks One and Two were subject to restrictions including a provision that the lots be used for residential purposes only. Block Three, consisting of four lots, was not subject to the plat restrictions but a similar restriction was contained in the original deeds from the subdivider. Plaintiffs Massie owned two lots in Block One and plaintiff Fisher one lot in Block Two. Defendants are the owners of the other lots in Blocks One, Two and Three.

The court made findings of fact and conclusions of law. Judgment was entered denying plaintiffs' relief. As a result the residential use restriction remains in force on all lots in the subdivision with the exception of Lot Four in Block Three. The lot owners had previously consented to removing the restriction on that lot.

On appeal plaintiffs present only one issue. We are asked to decide whether the execution of the waiver of a deed restriction on Lot Four in Block Three by some but not all of the lot owners became a binding waiver of the residential use restriction on the remaining lots, including the plaintiffs'.

Initially we note that the issue of waiver was not raised by plaintiffs' petition. However, the court found that,

> The waivers of restrictions, if any, as to the lots in Block Three and the one waiver relating to petitioners' lots do not constitute a waiver of the restrictive covenants in Blocks One and Two [1] ...

This was only one of the grounds on which the petition was denied. The other findings, which were supported by the evidence, were against the plaintiffs' pleaded and trial theory that a change in the character of the neighborhood and general area from residential to commercial use supported a declaration of freedom from the restrictive limitations on the lot. The court expressly found no substantial changes; that the residential restriction on lots in

Thomas Llewellyn Ray, Farmington, for plaintiffs-appellants.

Maurice B. Graham, Fredericktown, for defendants-respondents.

KAROHL, Judge.

Plaintiffs-appellants subdivision property owners, sought a declaratory judgment of their rights. They asked the court to declare Blocks One and Two of W.F. Doss Second Edition, a subdivision located in Farmington, Missouri, to be free of the

---

1. One property owner in Block One had waived     in favor of plaintiffs.

Blocks One and Two were of substantial value; that the best present use of these lots is for residential, rather than commercial purposes; that such changes as may have occurred were not so radical as to destroy the essential element and purpose of the restrictions; and that such changes have not neutralized the benefits of the restrictions so as to defeat their purpose.

As we are a court of error the findings not appealed are binding on plaintiffs-appellants and this court if supported by the evidence. The release of the residential use restriction of Lot Four Block Three previously executed by the lot owners indicated that "the character of the neighborhood and general area of Lot Four (4) [had] changed." This does not alter the trial court's findings on Blocks One and Two. These blocks were subject to a plat restriction. Block Three was not. The court was able to distinguish the characteristics of the lots in Blocks One and Two from the lots in Block Three.

■ A restrictive covenant may be waived. *Eichelsbach v. Harding*, 309 S.W.2d 681, 685 (Mo.App.1958). A waiver may be "the voluntary relinquishment of a known right", *Chappee v. Lubrite Refining Co.*, 337 Mo. 791, 85 S.W.2d 1034, 1037 (1935), or the result of a change in condition so radical as to practically destroy the essential objects of the restrictive agreement and make the enforcement thereof inequitable and unjust. *Porter v. Pryor*, 164 S.W.2d 353, 355 (Mo.1942). In the present case the single lot waiver was not a voluntary relinquishment of the residential only restriction for the lots in Blocks One and Two and the court found no radical change destroying the essential objects of the restriction in those lots.

■ Plaintiffs also argue that the lot owners may not selectively waive the restrictions on Lot Four Block Three only. Our Supreme Court has rejected this argument. *Steve Vogli & Co. v. Lane*, 405 S.W.2d 885, 888 (Mo.1966). The court there said,

Restrictive covenants running with the land, while in effect pursuant to the terms of the instrument creating them, may be extinguished, modified or changed by mutual agreement between all of those subject to the restrictions and all of those entitled to enforce them, and in making such modification or change, the restrictions need not be uniform as to all lots but may contain any pattern of restrictions which could have been contained in the instrument originally creating the restrictions.

405 S.W.2d at 888. The trial court did not err in its finding that the knowing release of the deed restriction on Lot Four Block Three was not a waiver of the plat restrictions on Blocks One and Two.

■ Respondents' motion for damages for frivolous appeal is denied. We find that plaintiffs' issue on appeal was tried and considered even though not pleaded. We also find that the point of law is not so clear as to render the argument frivolous. There are no specific rules to determine what constitutes a waiver of a restrictive covenant. Each case must be decided on its own facts. *Lake St. Louis Community Association v. Kamper*, 503 S.W.2d 447, 449 (Mo.App.1973).

There was substantial evidence to support the judgment of the trial court, it correctly declared and applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We affirm.

REINHARD, C.J., and CRANDALL, J., concur.