**Susan Jane SHOEMAKER, Respondent,**

v.

**Glenn Dean SHOEMAKER, Appellant.**

**No. WD 36522.**

Missouri Court of Appeals,
Western District.

March 4, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 27, 1986.

Application to Transfer Denied May 13, 1986.

---

Andrew C. Webb, Sedalia, for appellant.

George R. Lilleston, Clinton, for respondent.

Before PRITCHARD, P.J., SHANGLER, J., and MARTIN, Special Judge.

PRITCHARD, Presiding Judge.

In this dissolution of marriage proceedings filed by respondent, appellant filed answer denying that the marriage was irretrievably broken, and by cross-petition under oath requested that a decree of legal separation be entered. Section 452.305.2. RSMo 1978. Whether the trial court should have entered a decree of legal separation rather than one for dissolution of marriage on the date entered, September 12, 1984, is the dispositive issue on this appeal.

In *McRoberts v. McRoberts*, 555 S.W.2d 682 (Mo.App.1977), the effect of § 452.305 2. was ruled, it being held that since it was a later enacted provision than § 452.305 1., mandating a dissolution decree upon a finding that there remains no reasonable likelihood that the marriage can be preserved and therefore it is irretrievably broken, the mandatory legal separation statute took precedence. As to the mandatory nature of § 452.305 2., see also *Smith v. Smith,* 561 S.W.2d 714, 716[2] (Mo.App.1978); *In re Marriage of Pate,* 591 S.W.2d 384, 386[1] (Mo.App.1979); and *Weibert v. Weibert,* 632 S.W.2d 86, 87[3] (Mo.App.1982). These precedents establish that the trial court was without authority to enter a decree of dissolution in the face of appellant's denial that the marriage was irretrievably broken and his request that a decree of legal separation be entered.

▆ Appellant states in his brief that the trial court relied upon *Colabianchi v. Colabianchi,* 646 S.W.2d 61 (Mo. banc 1983), in overruling his motion for new trial. That case involved a later enactment than § 452.305 2., found in § 452.320.1, which provides that if both parties by petition or otherwise state under oath that the marriage is irretrievably broken (as was the fact), or one of the parties has so stated and the other has not denied it, the court shall make a finding on the issue and enter an order of dissolution or dismissal accordingly. So also in *O'Neal v. O'Neal,* 673 S.W.2d 126 (Mo.App.1984). Here appellant has denied under oath that the marriage was irretrievably broken, which was his position at trial, and asked for a legal separation. Section 452.320.1 is inapplicable, and thus, these two cases are distinguishable.

▆ Respondent argues that more than 12 months has elapsed since the entry of the decree on September 12, 1984, which is more than the 90 day "cooling off" period provided by § 452.360.3 for entry of a dissolution decree upon hearing after one of legal separation has been entered. She says no purpose would be served by prolonging this case and forcing the parties to come back to court again. Regardless of that, this court must follow the applicable statute, § 452.305 2., under the facts here, and in accordance with the *McRoberts* case, supra, reverse the judgment of dissolution

and remand the case with directions to enter a decree of legal separation effective as of the date of the mandate upon this opinion. That action will start the running of the ninety day period for converting the decree of legal separation into one of dissolution of marriage, should one or both of the parties so choose. If that should occur, then the court should then hear the evidence as to whether the marriage is irretrievably broken and enter its finding and judgment in accordance with *Howard v. Howard*, 583 S.W.2d 553 (Mo.App.1979). It is unnecessary to consider other points raised by appellant attacking the admissibility of evidence adduced in the original trial at this time.

One other issue remains. On July 16, 1984, the trial court entered its temporary award of $150 per month child support, and $200 attorney fees. Respondent, on August 3, 1984, requested an execution and garnishment of appellant's employer to collect the first child support payment. Appellant filed a motion to quash execution and garnishment on August 13, 1984, which was heard on September 7, 1984. By then, respondent had been paid all monies due her, and she dismissed the garnishment. Under these facts, the court did not err in ruling the matter to be moot and overruling the motion to quash, as there was then nothing upon which the garnishment could operate. The point is overruled.

The judgment is reversed and the case is remanded with directions to enter a decree of legal separation in lieu of the decree of dissolution, effective on the date of the mandate of this opinion.

All concur.