Rosalie M. MANZ, Petitioner–Respondent,

v.

William E. MANZ, Respondent–Appellant.

No. 58555.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 31, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 7, 1991.

Application to Transfer Denied April 9, 1991.

**184**

William E. Manz, St. Louis, pro se.

Daniel L. Seiden, St. Louis, for petitioner-respondent.

KAROHL, Judge.

Husband appeals from decree of dissolution entered on June 13, 1990, which dissolves a twenty-nine year marriage between the parties. Husband claims trial court erred when it: (1) found the marriage was irretrievably broken because husband has behaved in such a way that wife cannot reasonably be expected to live with him; (2) took judicial notice of prior proceedings between the parties under the adult abuse act; and (3) granted a decree of dissolution instead of a decree of legal separation as requested. We affirm on points one and two. We reverse and remand on point three with directions that the trial court enter a decree of legal separation.

■ In his first point relied on husband claims trial court's finding of fact number eight is not supported by substantial evidence. This finding of fact states:

8. That there remains no reasonable likelihood that the marriage can be preserved, that the marriage is irretrievably broken, and that Respondent [Husband] has behaved in such a way that Petitioner [Wife] cannot reasonably be expected to live with him because Respondent has physically and mentally abused Petitioner and actively repressed her in the expression of opinions and emotions.

The finding wife could not reasonably be expected to live with husband was a prerequisite to the court's finding that the marriage was irretrievably broken pursuant to § 452.320.2 because husband denied that the marriage was irretrievably broken. Section 452.320.2(1)(b) RSMo 1986. We review husband's claims of error under the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

At the hearing wife testified to sporadic incidents of physical and mental abuse by husband. The first incident of abuse occurred in 1961 one week after the parties were married. Wife sought emergency medical treatment and notified the police after the final incident which occurred in 1986. Wife also testified to two incidents where husband struck the parties' children

with his fist. Wife presented evidence that she filed for a restraining order in December 1988. After a hearing, the court granted a full order of protection in February 1989. The parties extended this order by consent in August 1989. Wife testified that the marriage was irretrievably broken and could not be preserved. Wife no longer loves or trusts husband. Wife testified, "I don't want to be placed in the position of being in fear for my life any more. I don't know when he's [husband] going to change from Jeckyl and Hyde and back and forth. And he's a very controlling angry person."

Husband's evidence consisted of his testimony wherein he "explained" each incident of abuse. Further, husband sought to attribute wife's request for a divorce to stressful incidents unrelated to husband's physical abuse. The trial court was free to find this evidence inconclusive on the issue of irretrievable breakdown or to reject it altogether. We hold the evidence available to the trial court is sufficient to support the finding of fact that the marriage is irretrievably broken.

■ Next husband contends the trial court erred by taking judicial notice of adult abuse proceedings because § 455.060.3 provides: "No order entered pursuant to sections 455.010 to 455.085 shall be res judicata to any subsequent proceeding, including, but not limited to, any action brought under chapter 452, RSMo, 1978 as amended." Section 455.-060.3 RSMo Cum.Supp.1989. We note husband represented himself at trial and is acting pro se on this appeal.

While § 455.060.3 prevents adult abuse proceedings from being conclusive as to the rights of the parties in their dissolution action (i.e. res judicata), the statute does not prohibit the introduction of the proceedings as evidence in the dissolution action. The issues of law and fact raised in the adult abuse proceeding may be reasserted in the dissolution action. The court may take judicial notice of the evidence adduced in the adult abuse proceeding; however, it is not bound by the judgment reached in the prior abuse action. Accordingly, we find no error.

■ Husband's final point on appeal claims the trial court erred in granting a decree of dissolution because husband properly requested the decree to be entered in the form of a decree of legal separation pursuant to § 452.305.2 RSMo 1986. We agree. Husband denied under oath that the marriage was irretrievably broken and asked for a legal separation. Therefore, the trial court was without authority to enter a decree of dissolution. Section 452.-305.2 RSMo 1986; *Shoemaker v. Shoemaker*, 708 S.W.2d 235, 236 (Mo.App.1986). We reverse the judgment of dissolution and remand with directions to enter a decree of legal separation.

Affirmed in part, reversed in part.

PUDLOWSKI, P.J., and GRIMM, J., concur.