Shirley D. DODSON, Appellant,

v.

Homer L. DODSON, Respondent.

No. WD 43441.

Missouri Court of Appeals,
Western District.

April 16, 1991.

Kenneth P. Seck, Overland Park, Kan., for appellant.

Homer L. Dodson, pro se.

Before SHANGLER, P.J., and KENNEDY and FENNER, JJ.

**PER CURIAM.**

This is an appeal from a decree of dissolution which ended a thirty-four year marriage between the parties. Appellant contends that the trial court erred when it granted a decree of dissolution instead of a decree of legal separation.

The judgment is reversed and remanded.

On August 28, 1985, appellant filed a petition for a decree of legal separation from respondent. In her petition, appellant made no allegation that the parties' marriage was irretrievably broken. On February 20, 1986, respondent filed a cross-petition in which he requested that the trial court find that their marriage was irretrievably broken and enter a decree of dissolution. In her answer to respondent's cross-petition, appellant denied that the marriage was irretrievably broken and she again requested a decree of legal separation.

At the hearing on the parties' petitions, appellant still maintained that the marriage was not irretrievably broken and she again requested a decree of legal separation. Nevertheless, on February 13, 1990, the trial court entered its order dissolving the marriage.

■ As her first point on appeal, appellant claims that the trial court erred in granting a decree of dissolution instead of a decree of legal separation as she had requested. She contends that our holding in *Shoemaker v. Shoemaker*, 708 S.W.2d 235 (Mo.App.1986) mandates a reversal of the trial court's decision.

In *Shoemaker*, the wife filed a petition for dissolution of their marriage and the husband filed an answer denying that the marriage was irretrievably broken. The husband also filed a cross-petition in which he requested that a decree of legal separation be entered. On appeal from the trial court's dissolution of the parties' marriage, this court held that the trial court was without authority to enter a decree of dis-

solution where one party maintained that the marriage was not irretrievably broken and where that party had requested that a decree of legal separation be entered. *Id.* at 236.

The facts in the case at bar are functionally equivalent to those in *Shoemaker,* and therefore the holding of *Shoemaker* is dispositive here. The judgment is reversed and the case is remanded with directions to enter a decree of legal separation in lieu of the decree of dissolution effective on the date of this opinion. That action will start the running of the ninety-day period pursuant to § 452.360.3, RSMo 1986, for converting the decree of legal separation into one of dissolution of marriage, should one or both of the parties so choose.

■ As her second point on appeal, appellant claims that the trial court was without authority to dissolve the marriage because it failed to make findings of fact stating the statutory ground upon which the trial court based its conclusion that the marriage was irretrievably broken. Appellant's point is without merit. The only finding that § 452.320.2(1), RSMo 1986, requires the trial court to make is a finding that the marriage was irretrievably broken and the trial court made such a finding in the case at bar. The trial court was not required to make findings of fact stating why it reached this conclusion. *Busch v. Busch,* 639 S.W.2d 864, 865 (Mo.App.1982); *Allmon v. Allmon,* 623 S.W.2d 40, 41 (Mo. App.1981).

■ As her third point on appeal, appellant claims that the decree of dissolution was invalid because the trial court failed to divide or value all of the marital property. Specifically, she argues, the trial court awarded the "Truman Lake Property" to respondent on the value of the acreage alone, and failed to include the value of the house on the property.

At the hearing, respondent testified that he had had the lake property appraised at approximately $35,000.00, and that this amount included both the land and the house. Appellant testified that the value of the lake property was between $87,000.00 and $90,000.00, but acknowledged that she had not had the property appraised. In its decree of dissolution, the trial court valued the lake property at $36,000.00. In so doing, the trial court obviously gave credence to respondent's testimony that the lake property had been appraised at approximately $35,000.00, and that that appraisal included the value of the house. We will not disturb this finding, as the trial court's assessment of the credibility of the witnesses is entitled to deference on appeal. *Fausett v. Fausett,* 661 S.W.2d 614, 616 (Mo.App.1983).

The judgment is reversed and the case is remanded with directions to enter a decree of legal separation in lieu of the decree of dissolution, effective on the date of this opinion.

All concur.