**Mary Elizabeth KOON, Petitioner–RespondentCross–Appellant,**

v.

**Merle Richard KOON, Respondent–AppellantCross–Respondent.**

**Nos. 21779, 21797.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 27, 1998.

Jacob Y. Garrett, West Plains, for appellant.

David G. Neal, Eminence, for respondent.

SHRUM, Judge.

This case concerns two appeals arising from the dissolution of the marriage of Mary Elizabeth Koon (Wife) and Merle Richard Koon (Husband). Wife appeals the trial court's adjudication of Husband's child support obligation. Husband's appeal charges multiple trial court errors. Husband's claim that the trial court erred in finding irretrievable breakdown of the marriage has merit; consequently, we must reverse this judgment.

Reversal renders moot Husband's other claims of trial court error in No. 21779. Reversal also renders moot Wife's appeal in No. 21797.

### FACTS

Husband and Wife were married August 1, 1970. Four children were born of the marriage. At the time of trial, two children, ages 13 and 10, remained unemancipated.

Wife filed her first dissolution petition on March 29, 1996. She then filed an amended petition on May 21, 1996. In the amended petition, Wife alleged that she and Husband "separated on March 19, 1996." She also

alleged the marriage was irretrievably broken "because [Husband] has behaved during the marriage in such a way that [Wife] cannot reasonably be expected to live with him."

Husband did not answer Wife's amended petition until the morning of trial, February 27, 1997. Husband then tendered an out-of-time answer for filing, to which Wife objected. The trial court granted Husband leave to file his answer "except as to prayer for decree of legal separation which is taken under advisement." Ultimately, the trial court denied Husband's effort to include in his answer a prayer for legal separation.

At trial, Wife testified that Husband tried to control everything she did and that they often argued over how and where money should be spent. She told the court that Husband "fought [her] most of the way" as she pursued a college education. Wife also recounted that while Husband was working on a job in Virginia for fifteen months she was much happier without Husband around. In Wife's opinion, there was no hope for reconciliation with Husband. Contrarily, Husband testified that he did not believe the marriage was irretrievably broken and that he did not want the court to dissolve the marriage.

In rendering judgment, the trial court found that the parties' marriage was irretrievably broken; yet, the court also specifically stated it did "*not* find that [Husband] has behaved in such a way that [Wife] could not reasonably be expected to live with him." Moreover, the trial court denied Husband's request to amend the pleadings to request

legal separation. The trial court then dissolved the marriage, made child custody and child support adjudications, and divided marital property. These appeals followed.

Additional facts will be set out as needed in the analysis of the appeals.

## DISCUSSION AND DECISION

Husband's first point in No. 21779 challenges the trial court's finding that the marriage of Husband and Wife was irretrievably broken. Husband contends Wife did not prove irretrievable breakdown because the trial court's judgment specifically declined to find that husband behaved during the marriage in such a way that Wife could not reasonably be expected to live with him.

Because Husband's answer was verified and he testified under affirmation that he did not believe the marriage was irretrievably broken, § 452.320.2(1) is implicated.[1] Specifically, when one party alleges under oath that a marriage is not irretrievably broken, a trial court is required by § 452.320.2(1) to find whether the marriage is irretrievably broken. *Dodson v. Dodson,* 806 S.W.2d 763, 765 (Mo.App.1991). A trial court is not required to make findings of fact that specifically state why it reached the conclusion that the marriage is, or is not irretrievably broken. *Id. See also Busch v. Busch,* 639 S.W.2d 864, 865[1] (Mo.App.1982). Yet, "[t]here must be factual support found in one or more of the five factors [enumerated in 425.320.2(1)(a)-(e) ] when one party denies the marriage is irretrievably broken."

1. All statute references are to RSMo 1994 unless otherwise indicated.

In pertinent part, § 452.320.2 reads:

"2. If one of the parties has denied under oath or affirmation that the marriage is irretrievably broken, the court shall consider all relevant factors, including the circumstances that gave rise to the filing of the petition and the prospect of reconciliation, and after hearing the evidence shall:

"(1) Make a finding whether or not the marriage is irretrievably broken, and in order for the court to find that the marriage is irretrievably broken, the petitioner must satisfy the court of one or more of the following facts:

"(a) That the respondent has committed adultery and the petitioner finds it intolerable to live with the respondent;

"(b) That the respondent has behaved in such a way that the petitioner cannot reasonably be expected to live with the respondent;

"(c) That the respondent has abandoned the petitioner for a continuous period of at least six months preceding the presentation of the petition;

"(d) That the parties to the marriage have lived separate and apart by mutual consent for a continuous period of twelve months immediately preceding the filing of the petition;

"(e) That the parties to the marriage have lived separate and apart for a continuous period of at least twenty-four months preceding the filing of the petition...."

*Lawrence v. Lawrence*, 938 S.W.2d 333, 336 (Mo.App.1997). A trial court's finding that a marriage is irretrievably broken must be supported by substantial evidence and must not be contrary to the weight of the evidence. *Id.* at 336[3].

Attempting to meet her burden to establish irretrievable breakdown, Wife pled and adduced evidence that Husband's behavior was such that she could not reasonably be expected to live with him. Yet, the trial court rejected that evidence, saying it did *"not find "* such behavior by Husband. In her appeal, Wife has not challenged this finding and, therefore, any question about its correctness is not before this court. *See In re Marriage of Jirik,* 783 S.W.2d 177, 180, n. 5 (Mo.App.1990); *Massie v. Benton,* 678 S.W.2d 445, 447 (Mo.App.1984). Thus, § 425.315.2(1)(b) was eliminated as a basis for finding irretrievable breakdown.

■ Mindful that we are to affirm a dissolution decree if the result was correct on any tenable basis, *Mistler v. Mistler,* 816 S.W.2d 241, 250[4] (Mo.App.1991), we examine the record to see if one or more of the other four fact situations exist that will support the trial court's finding of irretrievable breakdown.

First, there is no evidence in the record that Husband committed adultery. Thus, § 452.320.2(1)(a) is not implicated.

■ Second, there is no evidence that Husband abandoned Wife for a period of six months or more before the petition was filed. "Abandonment may be established by cessation of cohabitation without good cause with intent on the part of the deserter not to resume living with the other party together with an absence of consent to the separation on the part of the alleged abandoned party." *In re Marriage of Uhls,* 549 S.W.2d 107, 110[3] (Mo.App.1977).

■ Here, Husband spent fifteen months in Virginia just before Wife filed for dissolution, yet the evidence at trial did not establish that this separation amounted to an abandonment of Wife. Significantly, Wife never pled abandonment, nor did she offer

evidence to support such a finding. To the contrary, Wife herself testified Husband went to Virginia with the intention of working there three months, but ended up working fifteen months. Husband extended his stay in Virginia because work was available and his wages were much greater than Husband had ever earned. Husband immediately returned to Missouri "with all of his stuff" once he learned of Wife's intent to file for dissolution.

The actions of Husband and Wife belie a finding of abandonment. There is simply no evidence that Husband was in Virginia "without good cause" or that he was a "deserter." Consequently, § 452.320.2(1)(c) cannot be the basis for the trial court's finding of irretrievable breakdown.

■ Third, we consider whether Husband's absence from Wife while working in Virginia constituted living separate and apart by mutual consent as contemplated by § 452.320.2(1)(d). The *Uhls* opinion indicates that the phrase "separate and apart" for purposes of § 452.320.2(1)(d) "means separate lives." 549 S.W.2d at 112. Wife's pleadings and evidence preclude any finding of "separate lives" or that all interaction between Husband and her ceased once he went to work in Virginia.

Specifically, Wife pled that she and Husband separated March 19, 1996, just ten days before she filed her initial petition.[2] At trial, Wife testified that she and Husband separated "on March 19th of 1996." The trial court stated in its judgment that Husband and Wife separated on March 19, 1996, and Wife has not challenged that finding on appeal.

The only reasonable inference that can be drawn from this record is that Husband's job in Virginia was only provisional or temporary and neither party perceived himself or herself as living "separate lives" until March 1996. Since there is no evidence that the parties' arrangement while Husband worked in Virginia was truly one of living separate and apart by mutual agreement,

**2.** Pursuant to § 452.310.2(3), Wife was required to include in her petition the date on which she

and Husband separated.

§ 452.320.2(1)(d) is not a basis for the trial court's finding of irretrievable breakdown. *Cf. Uhls,* 549 S.W.2d at 112.

Finally, the twenty-four month separation requirement of § 452.320.2(1)(e) cannot be the basis for the trial court's finding of irretrievable breakdown. The record reveals that Husband was in Virginia fifteen months, not for twenty-four months as provided in § 452.320.2(1)(e).

Because the question of Husband's behavior as affecting irretrievability of the marriage is not before us, we can only examine the other four grounds set forth in § 452.320.2(1). We hold that the record does not provide substantial evidence that the marriage of the parties was irretrievably broken under § 452.320.2(1)(a, c, d, e) and that the decree of the trial court was against the weight of the evidence.

In reaching this conclusion, we do not ignore Wife's arguments against Husband's first point in No. 21779. First, Wife cites us to *Burns v. Burns,* 872 S.W.2d 628 (Mo.App. 1994). In that case the husband denied his marriage was irretrievably broken and the wife conceded that "there was no evidence to support a finding of any of the circumstances set forth in [§ 452.320.2(1) ]." *Id.* at 630. In *Burns,* as here, the husband's prayer for relief was for dismissal of the dissolution petition, a request for relief not authorized by statute. In reversing and remanding the case for further proceedings, the eastern district reasoned:

> "[Section] 452.320.2 contemplates that in the absence of proper finding of irretrievable breakdown in accordance with § 452.320.2(1), the trial court shall continue the matter for not less than thirty days or more than six months, at which time it shall hold a further hearing. § 452.320.2(2). At such hearing, the court is then required to make a finding of irretrievable breakdown in accordance with § 452.320.2(1) or enter an order dismissing the petition."

*Id.* at 630.

Relying on *Burns,* Defendant insists that we must affirm the trial court's judgment dissolving her marriage because that was "the only relief permitted by [§ 452.320.2]" since Husband did not in his pleadings request the only other relief possible, i.e., a continuance. We disagree.

*Burns* is not authority for the proposition that we must affirm a judgment that is unsupported by competent evidence where Husband did not in his pleadings request the only other relief possible, i.e., a continuance. At most, *Burns* might support a reversal and remand of the case for further proceeding pursuant to § 452.320.2(2). Yet, we have already found that Wife could not prove the circumstances in § 452.320.2(1)(c-e) at any subsequent hearing because they contain time frames that are based on the date of the filing of the petition. *See Burns,* 872 S.W.2d at 630, n. 3.

Moreover, the facts in *Burns* distinguish it from this case. Here, Wife never conceded a lack of evidence to support her claim. She pled and adduced evidence that Husband had behaved in such a way that she could not reasonably be expected to live with him. Yet, the trial court apparently disbelieved that part of Wife's testimony, as it was entitled to do. *See Marriage of Stephens,* 954 S.W.2d 672, 675 (Mo.App.1997).

Second, Wife argues that the trial court's finding concerning Husband's behavior and Wife's ability to live with him was an "extraneous" finding, not part of the judgment itself, and conflicted with the adjudication that the marriage was irretrievably broken. Consequently, Wife urges this court to ignore this finding and affirm.

In making this argument, Wife quotes *Wilhoit v. Wilhoit,* 599 S.W.2d 74 (Mo.App.1980) as follows:

> "A finding of fact precedes judgment, and constitutes an opinion for the ground of judgment, but it is not a final determination of the rights of the litigants in the subject matter of the action. Only a judgment is that. A finding of fact does not even affect the validity of judgment so that, if erroneously found, does not prevail against the judgment. The efficacy of judgment, therefore, does not reside in any prefatory statement of reason or recital but in the mandate of the decree." (citations omitted).

*Id.* at 78. Wife also cites *Woodfill v. Shelter Mutual Ins. Co.,* 878 S.W.2d 101, 104[6] (Mo. App.1994) and *Neal v. Lloyd,* 782 S.W.2d 654[1] (Mo.App.1989) for the proposition that when inconsistency is found between the recitals and the decretal part of a judgment, an express adjudication controls mere recitals. Continuing, Wife says the rule expressed in *Harris v. Desisto,* 932 S.W.2d 435 (Mo.App. 1996) applies here, that is, "[w]hen a conflict exists within the text of a court order, the portion of the order wherein the court gives its imprimatur or exercises its power trumps inconsistent language appearing elsewhere in the order." *Id.* at 442[12].

Certainly, the principles of law cited by Wife are sound. Unfortunately for her, they have no applicability in this case. Contrary to Wife's argument, no irreconcilable conflict exists between the trial court's finding that Husband's behavior was not the cause of the marriage breakdown and the judgment that the marriage was irretrievably broken. Under § 452.320.2(1), four additional, specific, and individual grounds were available to the court for finding irretrievable breakdown, *provided* there was competent evidence to support one or more of them. Apparently, the trial court disbelieved Wife's evidence about Husband's conduct but dissolved the marriage based on one or more of the other four grounds. The trial court did not have to state why it concluded that the marriage was irretrievably broken. *Dodson,* 806 S.W.2d at 765. Even so, the trial court's finding on the subject had to be supported by substantial evidence. *Lawrence,* 938 S.W.2d at 336[3]. Having concluded that there was no evidence to support a finding of any of the other circumstances set forth in the statute, the judgment must be reversed. Because we reverse on this point, we need not address Husband's other points or Wife's appeal in No. 21797.[3]

The judgment of the trial court is reversed.

PARRISH, P.J., and MONTGOMERY, C.J., concur.

---

3. The comments of *In re Marriage of Mitchell,* 545 S.W.2d 313 (Mo.App.1976) are apropos here:

> "This marriage may well be beyond saving, and in holding as we do that there is not sufficient evidence in this record to support the finding of the trial court that this marriage is irretrievably broken within the terms of § 452.320.2(1) we are but delaying the inevitable; nevertheless, we as an appellate court, construe and apply the law, we do not make it."

*Id.* at 320.