In re Marriage of James Oliver LAYTON and Norma Jean Layton.

James Oliver LAYTON, Appellant,

v.

Norma Jean LAYTON, Respondent-Cross-Appellant.

No. WD 35403.

Missouri Court of Appeals, Western District.

Dec. 26, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 5, 1985.

James D. Boggs, Platte City, for appellant.

Franklin T. Thackery, St. Joseph, for respondent-cross-appellant.

Before TURNAGE, C.J., MANFORD, J., and MESSINA, Special Judge.

MANFORD, Judge.

This is an action in dissolution wherein both parties have appealed. The judgment is affirmed as modified.

Appellant, James Layton, (hereinafter referred to as husband) has presented two points, which in summary charge that the trial court erred in entering its judgment, because (1) the trial court failed to identify and divide all the marital property as it existed at the commencement of the action which would include monies expended by respondent pending a trial of this action, and (2) the trial court, in dividing the marital property, failed to adequately consider the contribution of appellant (husband) to the marital property, as well as the conduct of the parties and their economic circumstances.

Respondent-Cross-Appellant, Norma Jean Layton, (hereinafter referred to as wife) in her cross-appeal has presented three points, which in summary charge that the trial court erred in entering its judgment because (1) the sum awarded to her ($6,545.00) was insufficient and inconsistent with the trial court's findings of fact and conclusions of law, (2) the trial court failed to grant her maintenance, and (3) the trial court failed to award a proper amount of attorney's fees, said award being only $1,500.00 as against a total of $3,200.00 in attorney's fees.

Review of this matter is made pursuant to Rule 73.01 and *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976) interpreting said rule. Said review is both upon the law and evidence with due regard given the trial court to adjudging the credibility of the witnesses. *Nilges v. Nilges,* 610 S.W.2d 58, 60 (Mo.App.1980).

The parties were married on December 10, 1979 in Miami, Oklahoma. They resided together until they separated on July 17, 1982 in Weston, Missouri. The husband has been and continues to be a railroad employee. The wife at the start of the marriage operated a store in Weston. Soon after they were married, the store was closed following an action in bankruptcy. Any additional facts deemed pertinent are considered within the disposition of the issues presented to this court, infra.

Under his point (1), the husband charges that the trial court erred in failing to consider, within the division of marital property, certain funds spent or allegedly squandered by the wife during the period of time from the filing of this action until a hearing of same.

What the trial court found, and such finding is supported by the evidence, is that when the parties separated, the wife took $2,000.00 from one of four bank accounts held by the parties, a jar which contained some $700.00 in coins, and a $10,000.00 jointly held certificate of deposit. As of March 15, 1983, the court found that what remained of these assets was a balance of $4,204.87 from the certificate of deposit. The record reveals that the wife produced receipts accounting for all but $47.00 of the total monies she took with her, and these expenditures were for living expenses. In addition, the trial court found, and the same was supported by the evidence, that the husband had expended marital funds equal to and perhaps in a greater amount than the wife. The trial court concluded from the evidence that the sums expended by the wife were reasonable as living expenses and that the remaining balance ($4,204.87) of the certificate was subject to division as marital property. There was no evidence adduced to support the husband's assertion that the wife squandered any of the monies expended. The evidence also revealed reasonable expenditures by the husband.

The husband cites to § 452.330.3, RSMo 1978 which states that all property acquired by either spouse subsequent to the marriage but prior to a decree of legal separation or dissolution is presumed to be marital property. The monies in question here are undoubtedly marital property, however, it was not error for the trial court to divide or account for the $2,000.00 checking account, the $700.00 in coins, or the entire $10,000.00 certificate of deposit, since those funds (except for the $4,204.87 balance on the certificate of deposit) had been depleted for living expenses. *Hutchins v. Hutchins*, 660 S.W.2d 403 (Mo.App.

1983). If there is substantial evidence that one spouse squandered marital properties, the trial court is authorized to order reimbursement. *Calia v. Calia*, 624 S.W.2d 870, 872 (Mo.App.1981). There is absolutely no evidence of squandering herein. There is no merit to husband's point (1) and it is ruled against him.

Under his point (2), the husband charges that the trial court erred in the division of the marital property by failing to consider the contribution by the husband to the marital property, along with the conduct of the parties and the economic circumstances of the parties. There is no evidence upon this record to support the husband's assertion and the appellate courts will not second-guess the trial court. *Nilges* at 60. The record herein does not reveal that the trial court abused its discretion. There is no merit to the husband's point (2) and it is ruled against him.

The wife, on her cross-appeal, under her point (1), asserts that the trial court granted her an insufficient judgment in the amount of $6,545.00 as representing her one-half share in the increased equity of the residential property.

In its findings, the trial court stated that certain improvements were made to the residential property during the marriage which were paid for from marital funds. It was found that these improvements increased the value and hence the equity in the residential property by at least $21,500.00. The trial court also found that the wife did a considerable amount of work in connection with the improvements on the residential property. In its conclusions of law, the trial court stated, "That considering all of the facts and circumstances of this case, each of the parties is entitled to substantially one-half in values of the marital properties, and Respondent is entitled to the one-half in value of the increased equity by reason of the improvements to the home from marital funds."

This conclusion then provided that the division could be made by the award of certain marital properties, coupled with a

judgment for a sum representing any net difference under the rule announced in *Scott v. Scott,* 645 S.W.2d 193 (Mo.App. 1982).

An additional finding held that the wife was not guilty of any marital misconduct which would bar or diminish her proportionate share of the marital property or her marital interest in the increased equity of the residential property.

The husband was awarded the residential property as separate property. He was awarded the sum of $11,435.00 as his share of marital property. This $11,435.00 did not include any equity interest. It was determined by the trial court from the evidence that the enhanced value of the equity was $21,500.00.

The trial court awarded to the wife the sum of $6,329.87 in marital property. In addition, the trial court awarded the wife the sum of $6,545.00 as a judgment lien against the residential property as representing her one-half interest in the increased equity of the residential property.

It is obvious from reading this entire record, including the trial court's findings and conclusions that the wife is entitled to at least one-half of the $21,500.00 established as the enhanced value of the equity. Thus, the sum of $6,545.00 previously awarded as the one-half interest in the enhanced value of the equity must be modified and increased to a sum total of $10,-750.00. The trial court's judgment is thus modified to support the trial court's findings and conclusions, both of which are supported by the evidence. Such a modification grants to the wife a total sum of $17,079.87 for her share of marital property.

It should be noted from the evidence that the trial court found a total of $39,264.87 in marital property. This sum included the $21,500.00 as enhanced value in the equity of the residential property.

■ By the modification supra, the husband receives $22,185.00 as his share of the marital property. The wife receives $17,-079.87. Although the amounts are not equal, they do reflect the disposition supported by the evidence and that declared applicable by the trial court. There is no requirement that the division be equal, but only that such division be fair and equitable under the circumstances. *Nilges, supra.*

Thus, the wife's point (2) is sustained to her favor and that portion of the trial court's judgment awarding her substantially a one-half interest in the enhanced equity is modified from the sum of $6,545.00 to $10,750.00, and said amount shall be a judgment lien upon the residential real property.

Under her point (2), the wife alleges that the trial court erred in not awarding her maintenance. The wife's point (2) is found to be meritless and is thus ruled against her.

There is no substantial evidence which supports the wife's assertion for maintenance. The award of maintenance is within the broad discretion of the trial court and a ruling thereon will not be disturbed absent a showing of an abuse of that discretion. *In re Marriage of Pate,* 591 S.W.2d 384, 391 (Mo.App.1979). There is no showing of any abuse of discretion herein.

Under her final point (3), the wife charges that the trial court erred in awarding her only $1,500.00 of a total claimed $3,200.00 in attorney's fees.

The wife's final point (3) is taken up and found to be meritless and thus ruled against her.

■ The award of attorney's fees is a matter within the broad discretion of the trial court, and absent a showing of an abuse of that discretion, a ruling thereon will not be disturbed. *Pate, supra.* The award of attorney's fees does not entitle a party to full costs and attorney's fees, but only reasonable sums considering the financial situation of the parties. *Stitt v. Stitt,* 617 S.W.2d 645, 647 (Mo.App.1981). There is no showing of any abuse of discretion herein.

The judgment of the trial court is affirmed as modified.

All concur.