In re the Marriage of Russel J. NIETERS, Petitioner–Respondent,

v.

Gayle E. NIETERS, Respondent–Appellant.

No. 59228.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 10, 1991.

Patrick O. Boyle, St. Louis, for respondent-appellant.

Pulos, Blankenship & Jianakoplos, P.C., Thomas A. Spoon, St. Louis, for petitioner-respondent.

PUDLOWSKI, Presiding Judge.

Wife, Gayle Nieters, appeals the trial court's dissolution of marriage decree that was modified in response to husband, Russell Nieter's, motion to amend the judgment. We reverse and remand.

Husband filed his verified petition for dissolution of marriage on June 12, 1989. The petition stated husband and wife separated around November, 1988, and there was no reasonable likelihood the marriage could be preserved. Based upon wife's default and failure to answer, an initial decree of dissolution was entered on November 3, 1989. This initial decree incorporated a separation agreement signed by both husband and wife. The separation agreement contained provisions for child custody, visitation rights, child support, division of marital property, and other issues.

On November 29, 1989, wife filed a motion for new trial contesting the dissolution because the separation agreement was coerced. On December 1, 1989, the trial court set aside the initial decree of dissolution. The matter was placed on the contested docket and scheduled for hearing.

Wife filed her answer to husband's petition on May 4, 1990, denying that the marriage was irretrievably broken. Wife's answer requested no affirmative relief, but only prayed that husband's petition be dismissed.

On September 19, 1990, a trial was held in the St. Louis County Circuit Court. At trial, husband testified that the couple had been separated since September, 1988. He also testified concerning the problems the couple had during the marriage and his current relationship with a woman named Cindy Yates. Wife testified that husband left in October, 1988, and that the marriage was not irretrievably broken. She also stated that there were differences about how the children should be raised and that she donated some money she earned to tele-evangelists. Both parties testified concerning their property, children, and incomes.

On September 25, 1990, the trial court entered a decree dissolving the marriage of the parties, dividing the marital property, awarding primary custody of the minor children to wife, and awarding temporary custody and visitation to husband. The trial court also awarded wife child support in the amount of $360 per month per child, maintenance in the amount of $150 per month, and attorney's fees in the amount of $1,200.

Husband timely filed an amended motion to amend judgment or in the alternative motion for new trial on October 3, 1990. He alleged that the trial court improperly awarded wife maintenance and attorney's fees because wife sought no relief for these in her pleadings and no evidence was presented to the court on these issues. On October 23, 1990, the trial court sustained husband's motion in part by striking wife's award of maintenance from the decree. The trial court denied husband's motion with respect to the attorney's fees.

On October 24, 1990, wife filed her motion to amend judgment or in the alternative to order a new trial alleging that husband had not provided sufficient evidence to sustain a finding that the marriage was irretrievably broken. The trial court denied wife's motion. From this denial wife appeals the orders of the trial court.

Under the Missouri Dissolution of Marriage Statute § 452.320.2, RSMo 1986, when one party denies that the marriage is irretrievably broken, the court after considering all the relevant factors and hearing

the evidence, must be satisfied that petitioner has established one of the following five facts in order to find that the marriage is irretrievably broken:

(a) That the respondent has committed adultery and the petitioner finds it intolerable to live with the respondent;

(b) That the respondent has behaved in such a way that the petitioner cannot reasonably be expected to live with the respondent;

(c) That the respondent has abandoned the petitioner for a continuous period of at least six months preceding the presentation of the petition;

(d) That the parties to the marriage have lived separate and apart by mutual consent for a continuous period of twelve months immediately preceding the filing of the petition;

(e) That the parties to the marriage have lived separate and apart for a continuous period of at least twenty-four months preceding the filing of the petition.

Section 452.320.2(1), RSMo 1986. The trial court is not required to make specific findings of fact warranting dissolution. *Busch v. Busch*, 639 S.W.2d 864, 865 (Mo.App. 1982). Although fact issues are deemed to accord with the result when no findings of fact are requested, *Kaczmarczyk v. Kaczmarczyk*, 593 S.W.2d 252, 253 (Mo.App. 1980), the decree of the trial court must be supported by substantial evidence, must not be against the weight of the evidence, and must not erroneously declare or apply law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In her first point, wife argues that the trial court erred in finding the marriage irretrievably broken. She contends that there was no substantial evidence to support a finding that one of the five facts was established.

We agree that the trial court's decree was against the weight of the evidence and unsupported by substantial evidence. The trial court should not have found the marriage irretrievably broken because the evidence does not establish any of the five fact situations necessary when one party denies that the marriage is irretrievably broken.

The first three fact situations require wrongdoing by the respondent. None of these are established because there is nothing in the transcript to evidence that wife committed adultery, that she behaved in such a way that husband could not reasonably be expected to live with her, or that she abandoned husband for a continuous period of six months before the petition. Husband's trial testimony, that there were "several occasions where we just could not get along" and that "it got somewhat violent on both parts" over the last three or four years, does not provide substantial evidence of these three situations. Also, the fact that there were differences about raising the children and wife's donating some of her own money to tele-evangelists is not behavior that one could not be reasonably expected to live with. In fact, husband's behavior, concerning his new companion and living arrangements, is more characteristic of behavior one would not be reasonably expected to live with.

The last two situations for rendering the marriage irretrievably broken are not supported by the record. There is no evidence that the parties lived apart by mutual consent for twelve months preceding the filing of the petition. Also, there is no evidence that husband and wife lived separate for a continuous period of at least twenty-four months preceding the filing of the petition. Even if the trial court believed the husband, who testified that the couple separated in September of 1988, the two year requirement was not satisfied because the petition was filed on June 12, 1989. The parties' separation for, at the most, ten months, was clearly not sufficient to satisfy either of the last two circumstances for finding the marriage irretrievably broken.

We are persuaded by *In re Marriage of Mitchell*, 545 S.W.2d 313 (Mo.App.1976). In that case, wife denied that the marriage was irretrievably broken. After discussing the society-preserving objectives of Missouri's "modified no fault" divorce law, the court went on to find that none of the five fact circumstances were established by

substantial evidence. The parties were only separated for nine months and the husband could reasonably be expected to live with the wife's behavior. The instant case evokes the same concern that the *Mitchell* court noted:

This marriage may well be beyond saving, and in holding as we do that there is not sufficient evidence in this record to support the finding of the trial court that this marriage is irretrievably broken within the terms of § 452.320.2(1) we are but delaying the inevitable; nevertheless, we as an appellate court, construe and apply the law, we do not make it.

*Mitchell*, 545 S.W.2d at 320.

We hold that the record does not provide substantial evidence that the marriage of the parties was irretrievably broken under § 452.320.2(1) and the decree of the trial court was against the weight of the evidence. Because we reverse and remand this matter on the first point we need not address wife's second point that the trial court erred in striking the award of maintenance based upon failure to seek the same in her pleadings.

Reversed.

KAROHL and GRIMM, JJ., concur.