In re the MARRIAGE OF Jerry
THOMPSON and Robbin
Thompson.

Jerry THOMPSON, Petitioner–
Respondent,

v.

Robbin THOMPSON, Respondent–
Appellant.

No. 19698.

Missouri Court of Appeals,
Southern District,
Division Two.

March 8, 1995.

Siegrid Smith Maness, Maness & Miller, Doniphan, for appellant.

Daniel T. Moore, Paul A. Kidwell, L. Joe Scott & Daniel T. Moore, Poplar Bluff, for respondent.

GARRISON, Presiding Judge.

This is an appeal from a dissolution of marriage decree. Appellant (Wife) alleges that the trial court erred in finding that her marriage to Respondent (Husband) was irretrievably broken and in dividing certain items of property as marital property. For the reasons that follow, we affirm.

The parties separated on October 29, 1993 after twelve years of marriage and the birth of two children. Husband's dissolution of marriage action was filed on January 11, 1994 and included the allegation, denied by Wife in her answer, that "the marriage of the parties is irretrievably broken and there is no reasonable likelihood that the same can be preserved." Husband subsequently filed an amended petition alleging that Wife "has behaved in such a way that Petitioner cannot reasonably be expected to live with the Re-

spondent," which Wife also denied. After hearing the evidence, the trial court entered its decree on June 30, 1994 finding that "the marriage is irretrievably broken and there is no reasonable likelihood that the same can be preserved."

In her first point relied on, Wife alleges that the trial court erred in dissolving the marriage because there was no substantial evidence that the marriage was irretrievably broken and therefore the judgment was against the weight of the evidence. She points out that when one party denies that the marriage is irretrievably broken, § 452.320.2, RSMo 1986, requires that the court make a finding about whether or not it is irretrievably broken after considering all of the relevant factors, including the circumstances that gave rise to the filing of the petition and the prospect of reconciliation. Section 452.320.2(1)(a)–(e) requires that, in order for the court to find that the marriage is irretrievably broken, it must be satisfied of the existence of one or more of the five facts set out therein. The parties agree that the only one of those facts which could be applicable to the instant case is (b), which states: "That the respondent has behaved in such a way that the petitioner cannot reasonably be expected to live with the respondent."

While the trial court must make a finding that the marriage is irretrievably broken, it need not make a finding concerning the specific statutory ground upon which it based that conclusion. *Dodson v. Dodson,* 806 S.W.2d 763, 765 (Mo.App.W.D.1991); *Busch v. Busch,* 639 S.W.2d 864, 865 (Mo. App.E.D.1982). Nevertheless, the decree must be supported by substantial evidence, must not be against the weight of the evidence, and must not erroneously declare or apply the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Nieters v. Nieters,* 815 S.W.2d 124, 126 (Mo.App.E.D. 1991).

In the instant case, Husband testified that while he and Wife had been "getting along okay" since the separation,[1] in his opinion the

1. He testified that since the separation they had taken a computer class together and had sexual relations a "couple" of times.

marriage was irretrievably broken because he was unable to live with her "as husband and wife." His testimony included statements that he had been accused of "everything you can possibly do" and he "just can't get along with her anymore." He said that when there was a disagreement during the marriage Wife insisted that he agree with her, which he often did but was unable to continue to do. Although there had been no physical confrontations, he was fearful that that would develop in the future because "[s]he just keeps on until I can't take it no more."

Without detailing all of the evidence presented by Wife, it indicated an amicable relationship since their separation. She testified that she thought there was a chance they could make the marriage work; that since the separation Husband came to the home two or three times each week and they had frequently had sex; that they attended their older child's school and athletic events together; and that Husband had told her on four occasions that he would like to come back.

From the trial court's finding that the marriage was irretrievably broken, we infer that it was satisfied of the existence of the statutory predicate that Wife's behavior was such that Husband cannot reasonably be expected to live with her, since the facts are deemed to be found in accordance with the result reached. Rule 73.01(a)(3);[2] *Cregan v. Clark,* 658 S.W.2d 924, 928 (Mo.App.W.D. 1983). While the evidence in support of the trial court's finding was not overwhelming, that finding was supported by substantial evidence, and as a result we defer to the court's determination in that regard. *Id.* at 927–928; *Featherston v. Featherston,* 710 S.W.2d 288, 290 (Mo.App.E.D.1986).

Wife's first point is denied.

■ Wife's second point is as follows:

The trial court erred by not following the "source of funds" doctrine and thereby setting aside to appellant her non-marital or separate estate those items, i.e., the 1986 Ford Bronco, Honda 300 4–wheeler and an allocation for her contribution to the improvements to the marital home, as appellant's separate property. The court's decision in this regard erroneously applied the law and erroneously declared the law.

Rule 84.04(d) provides that a point relied on "shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978), succinctly states:

> After stating the ruling the trial court actually made, it stands to reason that the point should then specify *why* the ruling was erroneous. This requirement essentially contemplates a statement which ordinarily will closely approximate what appellant believes should have been the trial court's conclusion of law on the point being addressed. After stating why the ruling was erroneous, the court then must be informed *wherein* the testimony or evidence gives rise to the ruling for which appellant contends.

*Id.* at 685. *See also Ross v. Ross,* 888 S.W.2d 734, 736 (Mo.App.S.D.1994).

In the instant case, the point arguably does not satisfy the "wherein" requirement of Rule 84.04(d). As such, it would not preserve anything for review. *See Murray v. Missouri Real Estate Com'n,* 858 S.W.2d 238, 239 (Mo.App.S.D.1993); *White v. White,* 846 S.W.2d 212, 214 (Mo.App.S.D.1993).

The argument section of Wife's brief on this point, however, other than referring to the standard of review established by *Murphy v. Carron,* 536 S.W.2d 30, merely contains quotations from two Missouri cases without indicating how the facts of the instant case support her claim of error or how those authorities apply here. Claims of error not developed in the argument portion of the brief present nothing for appellate review, *Hall v. Hall,* 804 S.W.2d 411, 415 (Mo. App.W.D.1991), and we are not required to address assertions made without reasoning. *Big Boys Steel v. Hercules Const. Co.,* 765 S.W.2d 684, 687 (Mo.App.E.D.1989). *See also Krame v. Waller,* 849 S.W.2d 236, 239 (Mo.App.E.D.1993).

---

**2.** All references to rules are to Missouri Rules of Civil Procedure (1994).

Rule 84.13(a) provides that, except in instances not applicable here, allegations of error not properly briefed shall not be considered in any civil appeal. Rule 84.13(c), however, does permit consideration of plain error affecting substantial rights when the court finds that manifest injustice or miscarriage of justice has resulted. We have reviewed the record for plain error with regard to this point and have found none. This point is, therefore, denied.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.