**Robert Lee KECK, Jr., Petitioner–Appellant,**

**v.**

**Patricia A. KECK, Respondent–Respondent.**

No. 69403.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 8, 1996.

judgment for child support. Father argues the order deprived him of: (1) due process; (2) rights granted in §§ 487.030 and 487.040 RSMo 1994; and, the order was against the weight of the evidence. We reverse and remand.

Father filed for dissolution of marriage on February 17, 1993. Two children were born during the marriage: Daniel, born April 3, 1989, and Kira, born February 11, 1991. A PDL order for custody was issued on April 15, 1994, and a modified PDL child support order was issued on February 2, 1995. Both parents filed a Motion to Modify PDL, heard June 8, 1995. In its order of July 3, 1996, the court ordered: (1) joint legal and physical custody, with the children alternating weeks at each parent's home; (2) Father to pay child support of $217 per month; (3) Father and Mother to confer on issues of education, with a provision for referral to the court to solve irreconcilable differences.

On August 18, 1995, Mother filed a Motion to Resolve School District Conflict alleging the dissolution hearing was set for September 13, 1995, but Daniel was scheduled to begin the 1995–96 school year prior to that date. She and Father had arrived at an impasse in selecting a school district. Mother had registered Daniel in the Wentzville School District which was scheduled to begin August 24, 1995, but Father had registered him in Rockwood School District, which was scheduled to begin September 5, 1995. Father filed a motion requesting the court to order the children enrolled in the Rockwood School District. The case was assigned to a Commissioner of the St. Charles Family Court Division. An evidentiary hearing was held. The commissioner's order of August 22, 1995, follows:

Cause called on the parties respective motions; the parties appear in person and by counsel and announce ready; evidence adduced, and the Court rules as follows:

(1) The Court orders transfer of primary physical custody to Respondent/mother,

(2) Petitioner/Father granted temporary custody of the children every weekend from 6:00 p.m. Friday through 6:00 p.m. Sunday.

Shepherd, Lake & Taylor, L.L.P., Charles M.M. Shepherd, Clayton, for Petitioner–Appellant.

Stephen R. Fleddermann, St. Charles, for Respondent–Respondent.

KAROHL, Judge.

This is an appeal from an order entered after cross motions to determine which school the oldest child should attend. In a previous pendente lite (PDL) order the court granted the parties joint physical custody. They reside in different counties and school districts and could not agree where their son should be enrolled. Robert Keck, (Father), appeals from order granting custody of the two children to Patricia Keck, (Mother), so the oldest child could go to the Wentzville School District. The order also included a

(3) The minor child, Daniel, shall be enrolled in the Wentzville School District.

(4) The Petitioner shall pay to Respondent the sum of $712.–per month as and for child support, for the parties two minor children, commencing at time of effective date of this order.

(5) The order of joint physical custody is terminated.

The circuit court adopted and confirmed the commissioner's order. This appeal followed.

We review in accord with *Stewart v. Stewart,* 866 S.W.2d 154, 156 (Mo.App. E.D.1993).

> We will uphold the court's order ... unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law .... a reviewing court is extremely cautious about altering judgments ... because they are temporary and their effects do not extend beyond the final hearing of the case. (Citations omitted.)

In his first point, Father argues the court erred by failing to notify the parties that issues, other than those raised in the cross motions, would be decided. Father claims, "No evidence was admitted nor was either side heard regarding custody or child support modification during the course of the August hearing." We disagree. At a *pre-hearing* conference, the commissioner told counsel a possible solution to the school registration dispute would be "to transfer custody." A change in custody was an inherent issue. Further, custody and financial facts, relevant on child support, were considered by both parties. These matters were tried by consent and "converted" the cross-motions to Motions to Amend the original PDL order which was no longer functional.

Rule 55.33 (b) provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings .... failure so to amend does not affect the result of the trial of these issues."

At the hearing, Father's attorney questioned him on the subject of custody as follows:

Q. If the Court saw fit to go farther and change the custodial arrangement, which would take with it the school problem, what would you think the best interest of the children would allow?

A. The best interest of the children, I believe, would be to be with me. They stated several times they want to be with me.

\* \* \* \* \* \*

Q. If the custody were to be changed, would you want the custody of the children each week from Sunday night to Friday afternoon— 5:30 Friday?

A. That would be fine.

\* \* \* \* \* \*

Q. Is that determination on your part a part of your reason for suggesting to the Court that custody be with you from Monday through Friday if the Court sees fit to change?

A. Yes.

The issue of child support was raised as follows:

[THE COURT]: I assume— Mr. Fleddermann asked about the wages. You didn't ask about the wages. Neither of you filed a new Form 14. I assume, is it correct, that the Form 14 before the Court does properly reflect the wages and the child care. I'll give both of you opportunity to prepare a Form 14.

MR. SHEPHERD: It does, Judge. We didn't prepare one today because that was not an element that we considered nor an element that was covered by the motion and, therefore, didn't bring such a document.

THE COURT: Okay.

MR. SHEPHERD: But you may take notice of the [Form] 14 in the file.

The issue of custody was extensively tried by Father. He offered the court the opportunity to take judicial notice of the Form 14's previously filed for purpose of calculating child support. His claim he had no notice that the issues of custody and child support were before the court is without merit.

In the second part of his first point, Father contends the court's order failed to comply with §§ 487.030 and 487.040 RSMo 1994. First, Father asserts the commissioner failed to meet the requirements of § 487.030 RSMo 1994 because he entered a ruling rather than findings and conclusions, and he failed to state the parties had a right to a rehearing.

Section 487.030 RSMo 1994, in pertinent part, provides:

> Upon the conclusion of the hearing in each case the commissioner shall transmit to the judge all papers relating to the case, together with his findings and recommendations in writing. Notice of the findings of the commissioner, together with a statement relative to the right to file a motion for rehearing, shall be given to the parties whose case has been heard by the commissioner.

The commissioner's order failed to meet the requirements of § 487.030 RSMo 1994. It also fails to comply with the requirements of that section as amended in 1995, effective August 28, 1995. The amendment did not change the requirements. No findings or conclusions were made. There were no findings of fact for the circuit judge to adopt and no conclusions of law to be confirmed. The record required by the statute is not available for review on appeal. The order is set aside and cross-motions are remanded for reconsideration by a circuit judge or a commissioner if fully and legally entered.

We do not reach the merits of Father's claim the order is unsupported by the evidence because the commissioner's order is not supported by findings and conclusions. We are unable to review whether the court's findings are supported by the evidence, there were none.

Respondent's Motion to Dismiss is overruled as moot. Motion for Damages filed after case was set for argument is denied.

Reversed and remanded.

RHODES RUSSELL, P.J., and SIMON, J., concur.