John LAWRENCE, II, Appellant,

v.

Abbie O. LAWRENCE, Respondent.

No. WD 51672.

Missouri Court of Appeals,
Western District.

Feb. 11, 1997.

---

Randall O. Barnes, Jefferson City, for appellant.

Ronald Bartlett, Columbia, for respondent.

HANNA, Presiding Judge.

The husband, John Lawrence, II, appeals from the decree of dissolution which dissolved his marriage to Abbie Lawrence. The case was assigned to and heard by family court commissioner, Sara Miller. The husband claims that the commissioner erred in not making sufficient findings of fact to support her recommendations to the family court judge, denying his request for findings of fact and conclusions of law, awarding maintenance, distributing marital debts, considering his alleged misconduct in the distribution of property, and awarding the wife attorney's fees.

The parties were married on December 29, 1984 in Las Vegas, Nevada. In July 1994, after receiving an anonymous phone call informing her that her husband had a paramour, the husband left the home. He filed for divorce on August 3, 1994. Following a trial, Commissioner Miller dissolved the marriage, awarded the husband approximately 40 percent of the marital property and the wife approximately 60 percent, and awarded

maintenance in the amount of $600 per month to the wife. The court allocated approximately 86 percent of the debts to the husband and 14 percent to the wife.

In a court tried case, our standard of review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) and we must uphold the trial court's judgment unless it was not supported by substantial evidence, is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 36.

In the husband's first point, he complains that the commissioner's findings were insufficient to support her recommendations to the judge of the family court. Section 487.030, RSMo 1994 directs the commissioner to make written findings and recommendations, which are transmitted to the judge of the family court. After receiving notice of the findings of the commissioner, either party may file a motion for a rehearing in front of the judge of the family court within fifteen days. *Id.* If the judge denies the motion, the findings and recommendations of the commissioner become the decree of the court when adopted and confirmed by an order of the judge. *Id.*[1]

The commissioner's findings and recommendations, drawn in the form of a judgment entry, were given to the judge of the family court on June 16, 1995. The husband filed a motion for a rehearing by the judge of the family court on July 3, 1995. The judge denied the motion on August 21, 1995.[2]

The husband complains that the findings issued by the commissioner are insufficient to support her recommendations.[3] Neither the point relied on nor the argument suggests how the commissioner's findings were insufficient. In the argument portion of the brief the husband gives us a "for instance." He complains that the commissioner's facts

---

1. Section 487.030 RSMo was amended in 1995 and again in 1996. The motion for hearing was made to the family court judge while the original statute was in effect.

2. The judge of the family court did not adopt and confirm the commissioner's findings and recommendations. However, the court's ruling procedurally adopted and confirmed the findings and

recommendations of the commissioner. *Bloom v. Bloom*, 926 S.W.2d 512, 515 (Mo.App.1996).

3. *Keck v. Keck*, 930 S.W.2d 486, 489 (Mo.App. 1996), is an example in which no findings or recommendations were made. The appellate court set aside the order and remanded for a determination as to whether the order was fully entered.

are deficient regarding her statement that she took into account "the relative contributions of the parties and the conduct of the [husband]." Further, he complains that there are no findings of fact supporting the award of attorney fees, and only "several cursory findings regarding the award of maintenance." The brief does not further elaborate.

The legislative intent behind requiring findings of fact is to provide meaningful review by the judge of the family court in the event a rehearing is requested. The statute does not contemplate a detailed factual finding, but rather it is more akin to the findings required by § 452.320.1, RSMo 1994. Pursuant to § 452.320.1, the court is required to make a "finding" that the marriage is "irretrievably broken." Whether a marriage is irretrievably broken depends on a number of facts, five of which are enumerated in the statute. § 452.320.2(1)(a)—(e). We have said that the finding of irretrievable breakdown is a sufficient finding, *Dodson v. Dodson,* 806 S.W.2d 763, 765 (Mo.App.1991), and the court was not required to make findings of fact stating why it reached this conclusion. *Id.* However, the finding that the marriage is irretrievably broken must be supported by substantial evidence and must not be against the weight of the evidence. *Nieters v. Nieters,* 815 S.W.2d 124, 126 (Mo.App.1991). There must be factual support found in one or more of the five factors when one party denies the marriage is irretrievably broken. *Id.*

In this case, the commissioner determined that the division of marital property was "based upon the relative contributions of the parties and the conduct of the petitioner." These are two of the factors to be considered when dividing the marital property. § 452.330.1, RSMo 1994. The two findings, although minimal, are sufficient to provide the review required by the family court judge.

With respect to the recommendation for maintenance and attorney's fees, the commissioner found that the monthly gross income of the husband was $5,100, and of the wife was $1,200, and that the wife lacked sufficient financial resources or property to meet her reasonable needs, although she was employed full time at appropriate employment. The commissioner's findings highlighted the disparity between their earnings. This finding of one "spouse's greater ability to pay is sufficient to support an award of attorney's fees to the other spouse." *Meservey v. Meservey,* 841 S.W.2d 240, 248 (Mo. App.1992). Thus, the family court had a sufficient factual basis to review the commissioner's award of maintenance and attorney's fees.

The commissioner made findings and recommendations to the family court judge which were sufficient to meet the statutory requirements. If the judge of the family court considered the facts to be insufficient, the court should have remanded the case to the commissioner with directions to provide a more complete factual basis for the recommendations. Point denied.

The husband filed a request for findings of fact and conclusions of law pursuant to Rule 73.01 with the judge of the family court at the same time he filed his motion for rehearing. The request was not made to the commissioner before the case was submitted to her. The request was denied by the commissioner because it was not filed timely. In the husband's second point, he claims that his request for findings of fact and conclusions of law was timely filed because the case was not "submitted" to the court until after his motion for rehearing had been filed.

Submission is final when the evidence and arguments are finished and the court takes the case, whether for immediate decision or merely under advisement preliminary to the rendition of a decision. *Lopez v. Vance,* 509 S.W.2d 197, 204 (Mo.App.1974). The commissioner's final entry in her docket on March 2, 1995 was "[e]vidence closed [and] cause argued and submitted and by court taken under advisement." The husband did not file his motion and request for findings of fact and conclusions of law until July 3, 1995, well after the case had been submitted to the commissioner.

The commissioner is vested with the power to "hear and determine" dissolution cases.

In that capacity she acts as the fact finder. § 487.040(1), RSMo 1994. Therefore, a request for findings of fact and conclusions of law must come before the commissioner has taken the case under advisement. *See Mitchell v. Mitchell,* 711 S.W.2d 572, 579 (Mo.App.1986) (holding that a request for findings and conclusions in a divorce case which is made after the case is heard by a specially appointed master is untimely). The same rule applies to a commissioner of the family court as to a trial court judge. A commissioner is not required to make findings and conclusions pursuant to Rule 73.01, where the request comes after final submission of the case. *Emery v. Emery,* 833 S.W.2d 453, 455 (Mo.App.1992). The husband's request was not filed timely. Point denied.

The husband's third point claims that the trial court abused its discretion in awarding maintenance to the wife. In order for the trial court to award maintenance, the party seeking maintenance must show that they lack sufficient property to provide for reasonable needs and that they are unable to support themselves through appropriate employment. Section 452.335, RSMo 1994. Appellate courts may only interfere with maintenance determinations when the decree is "patently unwarranted or is wholly beyond the means of the spouse who pays maintenance." *Sinclair v. Sinclair,* 837 S.W.2d 355, 360 (Mo.App.1992). The wife had formal schooling through the sixth grade, but achieved a G.E.D. in 1981 or 1982. The husband's income in 1992 and 1993 was slightly in excess of $57,000 each year. He testified his income in 1994 was $62,000. This evidence is contrasted with the wife's testimony that she was presently earning $7.00 an hour, 40 hours a week for a net income of approximately $970 a month. The wife's expenses were $1,968 a month. During the marriage, she never earned more than $5,000 in a year. While the wife is now working full time, the commissioner determined that she could not support herself adequately and awarded her $600 per month in maintenance. Further, the husband was awarded the insurance agency which was the only income-producing property. None of the property the wife received was income-producing. The decree awarding maintenance was warranted by the evidence. There is no allegation by the husband that payment of the maintenance would be beyond his means, therefore the court did not err in awarding maintenance. Point denied.

The husband's fourth point claims that the trial court erred in its distribution of the marital property because the allocation of the debts differed from the stated intention of the commissioner. He also claims that the trial court erred in not considering the John Deere tractor sold by the wife after the separation in order for her to pay her bills. The distribution by the commissioner resulted in approximately 84 percent of the debt allocated to the husband and approximately 16 percent to the wife. The findings by the commissioner stated that the "division of property and allocation of debts [results] in an award of 40 percent of marital property to [husband] and 60 percent of marital property to [wife]."

An unequal distribution of marital debt is acceptable so long as there was no abuse of discretion by the trial court. *Woolsey v. Woolsey,* 904 S.W.2d 95, 100 (Mo.App. 1995). One party may be held primarily responsible for the debts and be required to hold the other party harmless. *Costley v. Costley,* 717 S.W.2d 540, 543 (Mo.App.1986).

Debts incurred during the marriage are not marital property. *Golleher v. Golleher,* 697 S.W.2d 547, 549 (Mo.App.1985). Therefore, while the commissioner's findings may be misread, she apparently did not intend to distribute the debts in the same proportion as the assets. The debts which the husband was required to pay were primarily his own personal debt. The total debt allocated to him was $34,400, of which $12,000 was a loan on his truck, $4,000 was his own credit card debt, and $12,000 was for federal and state income taxes, HFC account and $2,000 was for a T.V. which he purchased and took with him when he left. The husband was awarded the insurance agency which was the sole income producing asset and upon which the income taxes were based. There is no abuse of discretion by the commissioner in the assignment of the debts

because the debts allocated to the husband were primarily his own and he received the only income producing asset.

The wife testified that she sold the John Deere tractor for $8,000 to meet her living expenses after the parties separated. Husband claims that she squandered the money and that he should be reimbursed.

The trial court may order reimbursement if it determines that a party has squandered marital funds. *Layton v. Layton,* 687 S.W.2d 214, 216 (Mo.App.1984). The party alleging that another party squandered property must present evidence of it or no finding of squandering or reimbursement will result. *Endebrock v. Endebrock,* 916 S.W.2d 456, 458 (Mo.App.1996). The husband did not produce evidence of squandering, and a spouse who sells marital property to pay living expenses has not squandered marital property. *Layton,* 687 S.W.2d at 216. The wife testified that she had used the money to support herself and pay bills. The trial court may accept the wife's testimony within the exercise of its discretion. *Romkema v. Romkema,* 918 S.W.2d 294, 298 (Mo.App. 1996). Therefore, the commissioner did not err in not including the proceeds from the sale of the tractor in the marital property division or in not ordering reimbursement to the husband. Point denied.

The husband's fifth point complains that the commissioner erred in using his alleged marital misconduct as a factor in the division of the marital property. Section 452.330(1), RSMo 1994, sets forth the factors which the trial court may take into consideration when distributing marital property, including the "conduct of the parties during marriage." The wife testified that her husband had been having an affair preceding their separation and that it was a contributing factor to their divorce.

The wife testified that she went to weekly counseling sessions because of her husband's conduct and because of the trauma of the divorce. This evidence permits the trial court to take the misconduct into account when dividing the marital property. *See Fields v. Fields,* 643 S.W.2d 611, 616 (Mo. App.1982) (stating that marital misconduct which places an extra burden on the nonerrant spouse by forcing them to contribute more to the partnership endeavor should be taken into account when dividing marital property). The misconduct occurred during the marriage and the trial court would be presumed to have considered all evidence when allocating marital property. *Bixler v. Bixler,* 810 S.W.2d 95, 100 (Mo.App.1991). The commissioner accepted the wife's testimony regarding the affair because in her findings she stated that she based the division both on the relative contributions of the parties and on the conduct of the husband. Point denied.

The husband's final claim is that the trial court erred in awarding attorney's fees to the wife because she failed to respond to the husband's settlement attempts. An award of attorney's fees is within the discretion of the trial judge, *Atwood v. Atwood,* 664 S.W.2d 673, 675 (Mo.App.1984), and we will not interfere with the trial court's decision absent a clear showing of an abuse of discretion. *Davis v. Davis,* 620 S.W.2d 6, 8 (Mo. App.1981). The court awarded the wife attorney's fees of $1,600, approximately half of the amount requested by her counsel. The trial court may consider all relevant factors when awarding attorney's fees in a divorce proceeding and is not limited to solely the financial resources of the parties. *Kieffer v. Kieffer,* 590 S.W.2d 915, 918 (Mo. banc 1979). The commissioner's award of attorney's fees did not amount to an abuse of discretion where there was evidence of marital misconduct by the husband and where the parties' financial conditions were dissimilar. We hold that the attorney's fee award is supported by substantial evidence and is not against the weight of the evidence and the trial court neither erroneously declared nor erroneously applied the law. Point denied.

The judgment of the trial court is affirmed.

SMART and LAURA DENVIR STITH, JJ., concur.