**Karen SHANNON, Petitioner–
Respondent,**

v.

**Richard SHANNON, Respondent–
Appellant.**

No. 72432.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 16, 1998.

William K. Meehan, P.C., William K. Meehan, Clayton, for appellant.

David B. Lacks, P.C., David B. Lacks & Eric B. Krauss, Clayton, for respondent.

KAROHL, Judge.

Husband appeals awards of maintenance, child support and "an additional share of marital property ... of $5,000" for money he removed from a joint account. We reverse and remand.

The parties were married twenty-one years. They had two children, a son whom the court found emancipated and a daughter who is now nineteen years old and a college student. The court awarded $1000 per month as maintenance and $765 per month as child support for the daughter. It determined the child support sum "in accordance with authorized support guidelines" and incorporated its own Form 14 into the decree. The ratio of Husband's income to Wife's was found to be 86% to 14%. The court also ordered Husband to pay 86% of non-insured medical expenses and 86% of the cost of daughter's college expenses. It did not find the presumed child support was unjust or inappropriate.

Husband argues an award of $1,000 per month periodic maintenance was error because the evidence: (1) did not support a finding Wife had "reasonable needs" of $1,000 in excess of her earned income; and, (2) supported a finding she was underemployed. Husband is an engineer who earned $1,607.98 per week, or approximately $83,615 per year, in 1996. Wife works thirty weeks per year as a secretary for a school district and part-time for St. Louis County Parks.

She testified she earned $12,340 per year. The court found Wife was capable of earning $1,028 per month and "imputed" $1,028 per month earned income. It used $6,400 a month for Husband. There was no need for the court to impute income to Wife where it accepted the evidence of her actual earnings. The reference to imputed income for Wife creates an ambiguity which is relevant to her claims for maintenance and child support and Husband's requested findings.

Husband offered testimony of a vocational rehabilitation counselor who opined Wife could work full-time and earn from $14,560 to $25,455 a year. He referred to twenty-five current job vacancies with employers who would be interested in interviewing a person with her qualifications.

█ Prior to submission of the case, Husband made a written request for findings of fact, including: (1) "whether or not [Wife] is entitled to maintenance and the reasons for such findings"; and, (2) "whether or not [Wife] is unable to support herself through appropriate employment and the reasons for such finding." The request complied with Rule 73.01(a)(3). The court did not make all of the requested findings. It found Wife unable to support herself. It found Wife is entitled to maintenance. However, the court made no finding on the relevant, contested issues of Wife's overstatement of expenses and underemployment. Both are relevant to findings of need and ability to self-support. There was evidence to support findings on factual disputes in these categories. In the absence of the requested findings of fact on the issues of underemployment and need for maintenance, we are unable to determine whether the amount of the maintenance award is an abuse of discretion. *Tate v. Tate,* 920 S.W.2d 98, 102 (Mo.App. E.D.1996). Thus, we cannot review the claims of error because a decision on those claims depends on what the court was requested to decide but did not decide. On remand, the court should make the requested findings and make an award in accord with section 452.335 RSMo 1994.

█ Husband argues the court erred in making the additional child support awards, 86% of daughter's college and uninsured medical expenses, because it failed to find the presumed child support was unjust or inappropriate and failed to include an estimate of the added costs. Deviation from the presumed amount of child support, pursuant to Form 14, may occur only after a specific finding on the record that the presumed amount is unjust or inappropriate. *Romkema v. Romkema,* 918 S.W.2d 294, 297 (Mo. App. E.D.1996). Wife concedes the error. She requests this court find the error to be harmless, amend the judgment by adding the required finding and affirm. Husband strongly objects to the suggested procedure. Wife's earned or earnable income remains a disputed issue and the Form 14 calculations depend on a determination of Wife's actual and imputable income. We remand for reconsideration of child support because the necessary finding of fact is properly a matter for the trial court.

█ Husband also argues the court erred in awarding Wife a $5,000 money judgment because he withdrew $4,400 and $1,000 from a joint account. A court may make a compensating money judgment. *Layton v. Layton,* 687 S.W.2d 214, 216 (Mo.App.1984). Wife testified Husband took the money. She testified he told her he used the money to pay bills. Husband testified he used the money to pay joint credit card bills, attorney's fees and to purchase a computer that he used for his work. There was no evidence to support a finding Husband squandered the money. A finding of the withdrawal of marital assets for living expenses may be excluded from marital property and no equalization is due. *Endebrock v. Endebrock,* 916 S.W.2d 456, 459 (Mo.App. E.D.1996). We hold there is no substantial evidence to support the compensating money judgment and it is a misapplication of law. See, *Lawrence v. Lawrence,* 938 S.W.2d 333, 338 (Mo.App. W.D.1997). Wife had the burden of proof that Husband squandered the money he withdrew from their joint account. *Id.* She failed to sustain the burden.

The compensating money judgment for $5,000 is reversed. The maintenance and child support provisions of the judgment are reversed. We do not intend to express any

opinion on the extent of maintenance or child support awards. The cause is remanded for an amended decree on those awards.

AHRENS, P.J. and CRANDALL, J., concur.