**Gerald WILLIAMS, Plaintiff/Appellant,**

v.

**Ellen Ann WILLIAMS,
Defendant/Respondent.**

**No. 73488.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 6, 1999.

---

Victor C. Strauss, Jr., St. Louis, for appellant.

Connie S. Hood, Clayton, for respondent.

JAMES A. PUDLOWSKI, Presiding Judge.

Gerald Williams (Gerald) appeals from a judgment, entered in a court-tried case, in favor of his former wife Ellen Ann Williams (Ellen). Gerald sought partition in the case sub judice of the marital home following their 1973 divorce.

Gerald and Ellen married on 28 June 1947. Together, Gerald and Ellen purchased the residence at 10518 Lavinia Drive in Saint Louis County on 25 January 1960. The home's purchase price was $15,000. Gerald and Ellen made a down payment of $900 and signed a note secured by a deed of trust on the marital home for the remainder. They jointly made payments on the family home until the dissolution of their marriage on 19 March 1973.

In the divorce proceedings, Gerald failed to disclose the existence of this real property. Ellen was not represented by counsel. The trial court's judgment required Gerald to pay child support for the one minor child; the judgment was silent with regard to the marital home.

Ellen subsequently brought a motion to modify the original divorce proceeding in 1985. She requested an award of the marital home in fee simple. The trial court awarded Ellen the marital home in a default judgment on 24 March 1986. Gerald filed in 1995 a motion to set aside the 1986 default judgment. The trial court entered its judgment on 13 April 1995 setting aside the 1986 judgment based upon the trial court's lack of jurisdiction to modify the 1973 divorce decree. This Court affirmed the trial court's judgment. *Williams v. Williams*, 932 S.W.2d 904 (Mo.App. E.D. 1996).

Following the trial court's determination that Gerald maintained an interest in the marital home, Gerald brought this action for partition. During this court proceeding, Ellen testified that the home was worth $15,250. Ellen and Gerald made mortgage payments from marital funds until their divorce. At the point of the divorce in 1973, home equity totaled $4,227. Gerald failed to augment the value of the marital home. Gerald continued to live in the home until 4 July 1974, but stopped making mortgage payments. Specifically, Gerald did not contribute to the mortgage, insurance, taxes, repairs, maintenance or any other expense on the residence since the divorce decree. Gerald failed to assert any ownership interest in the property during that time.

Additionally, the trial court noted Gerald's failure to pay child support. Gerald

contends that he paid child support. However, in its judgment, the trial court specifically found Gerald's testimony not credible nor did Gerald produce any documentary evidence sustaining his allegation of child support payments. From the time of the divorce decree until emancipation of the minor child, Gerald failed to provide approximately $13,600 of child support.

The trial court further found that Ellen is a 68 year old woman who is employed at a part-time job for $5.75 per hour. The court found that Gerald's failure to seek a remedy 24 years after the divorce and 11 years following the modification of the divorce decree is patently unfair to Ellen. The trial court awarded Ellen the marital home and attorney fees. Gerald appeals.

■ Gerald raises nine points on appeal.[1] He contends that the trial court erred in: considering the issue of child support, considering Ellen's maintenance expense without the corresponding rental value, taking into account the equity of the home at the time of the divorce, finding Gerald committed fraud, finding of a duty to timely seek partition, failing to consider evidence of Gerald's contributions, disregarding Gerald's evidence of market value, awarding attorney fees to Ellen, and not reimbursing Gerald for his attorney fees. The trial court did not err disregarding Gerald's evidence of his contribution and the market value of the house.

■ We do find that the trial court's partitioning of the marital home improperly denied Gerald his interest in the property. In order to determine the interest each tenant holds in the property, the trial court must determine the amount paid at the time of the purchase and subsequent amounts paid which reduced the mortgage. *See Brooks v. Kunz*, 637 S.W.2d 135, 139–40 (Mo.App. E.D.1982). Once each tenant's interest is determined, the court may order either a partition in kind or, if parti-

tion in kind would greatly prejudice the owners, a sale. Rule 96.08; Rule 96.01.

■ Gerald and Ellen jointly made the down payment and secured the mortgage for the property. Each party begins with a half of a share in the property in the trial court's initial calculation of individual interest. *Vickers v. Vickers*, 762 S.W.2d 482, 483 (Mo.App. E.D.1988). However, under the dictates of *Brooks*, if one co-tenant disproportionately augments the value of the property, that co-tenant is entitled to contribution from the other. *Id.*; *Grunden v. Nelson*, 793 S.W.2d 569, 575 (Mo. App. S.D.1990). As tenants in common, Ellen is entitled to contribution from Gerald "for payments made for repair and improvements, taxes and other expenses...." *Grunden*, 793 S.W.2d at 575.

■ Gerald declares that he is entitled to the rental value for the time in which Ellen was in sole possession of the property. In most circumstances, a co-tenant in possession of the real estate does not owe the non-ousted co-tenant rental payments absent an agreement to pay rent. *Bass v. Rounds*, 811 S.W.2d 775, 782 (Mo.App. E.D.1991). Yet, the non-possessory co-tenant may collect, or offset, the reasonable value of the possession of the premises when the co-tenant in possession seeks reimbursement for all expenditures made in connection with the property. *Id.* According to the transcript, Ellen was not seeking reimbursement for maintenance of the home; however, it is unclear if the trial court took this into consideration in its award.

■ Gerald also claims that the trial court improperly considered the amount of child support owed to Ellen. "The possible claim for child support, even if it does exist, does not constitute a lien against the real estate in this equitable division proceeding when such possible claim has not been adjudicated and reduced to judgment by the divorce court." *Grunden*, 793

---

1. We strongly urge the attorneys to review the dictates of *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978) to conform with the standards for drafting their points relied on.

S.W.2d at 574. It is unclear from the record if Gerald's unpaid child support has been reduced to a judgment and recorded as a lien against his interest in the property.

Hence, to resolve this case, there must be a determination of what property expenditures Ellen made for which she should be reimbursed as a lien against Gerald's interest, if Gerald is entitled to offset Ellen's claim with the reasonable rental value of the property while he was not in possession of the property, and if there are any recorded liens against the property. Unlike *Grunden,* this Court is not able to render its judgment or award as the trial court because of the undetermined financial standings of both parties in regard to the property.[2]

■ Finally, Gerald asserts the trial court committed error in awarding attorney fees to Ellen and that it improperly denied his request for attorney fees. The trial court has broad discretion in awarding attorney fees, and absent an abuse of such discretion, the ruling will not be disturbed. *In re Marriage of Layton,* 687 S.W.2d 214, 217 (Mo.App. W.D.1984). Missouri courts adhere to the "American Rule" regarding the distribution of attorney's fees. *Waldroup v. Dravenstott,* 972 S.W.2d 364, 370 (Mo.App. W.D.1998). The "American Rule" provides that litigants are obligated to pay their own attorney's fees. *Id.* However, there are three exceptions. A party may be awarded attorney fees when: (1) a statute or contractual provision so provides; (2) the fees are incurred due to involvement in collateral litigation; or (3) equity demands it. *Id.*

■ Gerald claims the trial court improperly denied his request for his attorney's fees in this partition suit. We agree. As the party instituting this action, Gerald is statutorily granted his attorney's fees. Section 528.530 RSMo (1994). Further, Rule 96.30 provides that "fees, costs and expenses shall be taxed as costs." Reasonable attorney's fees will be paid from the partition proceeds. *Buchanan v. Mitchell,* 873 S.W.2d 945, 947 (Mo.App. E.D.1994).

■ Next, Gerald complains the trial court erred in granting Ellen her attorney's fees. A partition suit is brought in equity. Section 528.010 RSMo (1994). The trial court, sitting in equity, deemed it just and proper and equitable to award Ellen her attorney's fees. Ellen maintained their property in livable condition for 24 years which caused a financial drain of her income, raised their child as a single parent, and continues to be employed at a minimal wage in order to support herself. At the time of trial, Ellen was 68 yeas old and had meager assets. The trial court did not err in granting Ellen attorney's fees. We believe, under the facts of this case, the trial court's equitable ruling was appropriate. The trial court's award of attorney fees to Ellen is affirmed.

Accordingly, we reverse the judgment of the trial court as to the partitioning of the property and remand this cause with direction to process Gerald's petition for partition in accordance with this opinion.

WILLIAM H. CRANDALL, Jr., Judge, and CLIFFORD H. AHRENS, Judge, concur.

---

2. Gerald concedes that he did not present a fixed dollar amount to the trial court regarding the reasonable rental value of the property. Gerald contends that his Exhibit I sets forth yearly rental values for the years which he is owed rental payments, 1974 through 1997, however, that exhibit was never received by the trial court.