2003 OK CIV APP 55

**William E. NEWTON, Plaintiff/Appellant,**

v.

**Gayle NEWTON, Defendant/Appellee.**

**No. 98,028.**

Court of Civil Appeals of Oklahoma, Division No. 2.

May 20, 2003.

---

the Court of Civil Appeals has applied *Murphree* in two unpublished cases factually similar to this case with the same result. *See Rosenfeld v. Thirteenth St. Corp.*, Appeal No. 68,505 (1988) and *Trang v. Integris Baptist Med. Ctr., Inc.*, Appeal No. 91,791 (1999).

W. Neil Wilson, Wallace, Owens, Landers, Gee, Morrow, Wilson, Watson & James, Miami, OK, for Plaintiff/Appellant.

Gayle Newton, Miami, OK, Pro Se.

Opinion By TOM COLBERT, Vice Chief Judge:

¶1 Plaintiff, William E. Newton, appeals the trial court's order adjusting the equities between the parties in an action to partition real property. The issue on appeal is whether the trial court's order is against the weight of the evidence or contrary to law or established principles of equity. Upon review of the record and applicable law, we conclude that it is not and affirm.

## BACKGROUND

¶2 Plaintiff and Defendant, Gayle E. Newton, were divorced on May 4, 1990. The divorce decree awarding the marital home to Plaintiff reflected the terms of the parties' agreement. The decree ordered Plaintiff to pay all of the mortgage, tax, and insurance payments. It also provided that Defendant could occupy the home with the couple's only child, a daughter, until or unless Defendant remarried, cohabited with a person of the opposite sex, vacated the premises, or the daughter turned eighteen. Defendant was not liable for any rent during that period, but agreed to keep the property free from liens and judgments and to vacate the property within 30 days of any of the above-described events.

¶3 On January 9, 1991, Plaintiff conveyed a one-half interest in the property to Defendant. He subsequently filed a petition to cancel that deed, resulting in a judgment confirming the deed. On January 24, 1997, Plaintiff again filed a petition to cancel the 1991 deed. In the order denying Plaintiff's petition, the trial judge stated that the 1991 deed was the "controlling document as to the true ownership" of the property. At no point did Plaintiff seek to modify the divorce decree.

¶4 The parties' daughter's 18th birthday was on June 9, 2000. On January 24, 2001, Plaintiff filed this action, seeking a determination that partition of the property was inappropriate, and requesting an order that it be appraised and sold at public auction. The trial court ordered the property sold,

granted Defendant permission to remain in the home until it was sold, and required her to pay one-half of the taxes and insurance from March 1, 2002. The court determined, however, that Defendant was to be assessed no further expenses on the property.

¶5 The property sold for $22,500 at a Sheriff's sale on June 26, 2002. Plaintiff ultimately received one-half of the sale price of $22,500, minus one-half of the cost of the sale, plus $2,800, reflecting one-half of the mortgage payments, insurance, and taxes he paid after July 9, 2000, thirty days after the parties' daughter turned eighteen.[1] Plaintiff appeals.

## STANDARD OF REVIEW

¶6 The partition of real estate is an equitable matter. In considering an appeal from a trial court's judgment in equity, we examine the record as a whole and weigh the evidence, but we will not disturb the judgment unless it is clearly against the weight of the evidence or contrary to law or established principles of equity. *Wetsel v. Johnson,* 1970 OK 69, ¶7, 468 P.2d 479, 481.

## DISCUSSION

¶7 In an action for the partition of real estate, the trial court has "full power to make any order . . . necessary to make a just and equitable partition between the parties, and to secure their respective interests." 12 O.S.2001 § 1516. On appeal, Plaintiff claims the trial court's decision results in Defendant's unjust enrichment. During the period of joint ownership of the property, Plaintiff paid $36,081.66 on the mortgage, while Defendant paid $260, and Plaintiff paid $1,995.01 in *ad valorem* taxes, while Defendant paid $212.98. Plaintiff argues that, when he conveyed the half interest to Defendant in 1991, the parties had no equity in the property. Because he has made the mortgage payments since that time, Plaintiff argues, "reasonable adjustments" should be made in his favor.

¶8 Plaintiff asserts that the trial court erred as a matter of law in failing to make equitable adjustments and setoffs in his favor. We disagree with Plaintiff's analysis of the law of partition. Section 1516 does not *require* the trial court to adjust the equities in a certain way, and the court's refusal to adopt Plaintiff's position does not amount to an error of law. The cases to which Plaintiff cites do not support his position. *Williams v. Williams,* 990 S.W.2d 665 (Mo.Ct.App. 1999), *Brooks v. Kunz,* 637 S.W.2d 135 (Mo. Ct.App.1982), and *Sack v. Tomlin,* 110 Nev. 204, 871 P.2d 298 (1994), are all factually dissimilar to this situation. In *Williams,* for example, a former husband sought the partition of the marital home which was not disposed of in the divorce proceedings. In both *Brooks* and *Sack,* tenants in common who never married were entitled to a partition based on their relative contributions. In all three cases there had been no prior determination of the parties' responsibilities as to the property.

¶9 In contrast to those cases, this case involves a valid and final divorce decree setting forth the parties' responsibilities as they pertain to the property. *Per his agreement,* Plaintiff received full ownership of the home and was ordered to and did pay the mortgage, tax, and insurance payments. Defendant was entitled to and did live in the home rent-free until it was sold. For reasons unknown, shortly after the divorce decree and well before her right of occupancy expired, Plaintiff gave Defendant a one-half interest in the home.

¶10 Plaintiff's gift to Defendant did not serve to amend his duties set forth in the divorce decree. Moreover, despite his obvious familiarity with the court system, *Plaintiff never sought any modification of his duties under the divorce decree.* The trial court gave Plaintiff credit for the costs he incurred after Defendant's rights under the divorce decree ceased, but its refusal to adjust, at this late date, the parties' responsibilities and rights under the final divorce decree is not against the clear weight of the

---

**1.** The $2,800 was awarded to Plaintiff pursuant to Defendant's agreement when Plaintiff request-

ed a rehearing of the division of proceeds.

evidence; nor is it contrary to law or any established principle of equity.[2]

¶ 11 AFFIRMED.

TAYLOR, P.J., and STUBBLEFIELD, J., concur.

---

2. Plaintiff filed a motion to strike Defendant's appellate brief. The Supreme Court deferred consideration, "if any," of Plaintiff's motion. Plaintiff's motion is denied.