**In re the MARRIAGE OF Ronald Art McCURDY and Paula Christen McCurdy.**

**Ronald Art McCurdy, Petitioner–Respondent,**

v.

**Paula Christen McCurdy, Respondent–Appellant.**

No. 28070.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 25, 2007.

filing various motions for continuances and writs to delay the trial. On June 22, 2006, the court granted the dissolution after conducting a trial without Wife's testimony as she admitted herself to the emergency room just prior to the trial. The court specifically found the marriage was irretrievably broken with Wife now complaining as trial court error that Husband failed to provide evidence supporting any one of the five bases provided under section 452.320.2(1).[1]

If one of the parties denies that the marriage is irretrievably broken, section 452.320.2(1) provides that the court, after considering all relevant factors and hearing all of the evidence, shall:

(1) Make a finding whether or not the marriage is irretrievably broken, and in order for the court to find that the marriage is irretrievably broken, the petitioner shall satisfy the court of one or more of the following facts:

(a) That the respondent has committed adultery and the petitioner finds it intolerable to live with the respondent;

(b) That the respondent has behaved in such a way that the petitioner cannot reasonably be expected to live with the respondent;

(c) That the respondent has abandoned the petitioner for a continuous period of at least six months preceding the presentation of the petition;

(d) That the parties to the marriage have lived separate and apart by mutual consent for a continuous period of twelve months immediately preceding the filing of the petition;

(e) That the parties to the marriage have lived separate and apart for a continuous period of at least twenty-four

Richard D. Bender, Springfield, MO, for appellant.

Ronald Art McCurdy, Springfield, MO, pro se.

NANCY STEFFEN RAHMEYER, Judge.

Paula Christen McCurdy ("Wife") appeals from the judgment granting dissolution of marriage for the reason that she claims her marriage was not irretrievably broken. We find to the contrary, as did the trial court, and affirm the judgment.

Ronald Art McCurdy ("Husband") filed a petition for dissolution on August 5, 2004, in Christian County, Missouri. Wife filed a motion for change of venue, which was sustained by agreement, and the case was transferred to Greene County, Missouri, where it was heard on June 22, 2006. This case was promptly set on the trial docket and the delays were caused primarily by Wife filing petitions in bankruptcy court, subsequently dismissing them, and

1. All references to statutes are to RSMo 2000, unless otherwise specified.

months preceding the filing of the petition[.]

Wife contends that the only applicable and possible basis in this case for a finding that the marriage is irretrievably broken is subsection 1(b). We agree. Although it appears Husband provided a somewhat brief synopsis of the reasons he felt the marriage was irretrievably broken, which included behavior of financial and communication incompatibility, the evidence was sufficient to support subsection 1(b). There is no reason for us to delve into the parties' incompatibility, but, from the trial court's finding, "we infer that it was satisfied of the existence of the statutory predicate" and we deem the facts "to be found in accordance with the result reached." *In re Marriage of Thompson,* 894 S.W.2d 255, 257 (Mo.App. S.D.1995). Wife's point is denied, the judgment is affirmed.

LYNCH, C.J., CRAWFORD, Special J., concur.